IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROGER J. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-071 |
| | ) |
| JACK LNU and CHRIS LNU, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Upon conducting an initial screening of Plaintiff's complaint, the Court, on April 20, 2018, ordered Plaintiff to amend his complaint on a standard employment discrimination form provided to him within fourteen days to correct certain pleading deficiencies. (See doc. no. 4.) The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (Id. at 4.) When the time to respond had passed, and Plaintiff had not submitted an amended complaint as required by the April 20th Order, the Court recommended dismissal of the case without

prejudice on May 11, 2018.  (Doc. no. 5.)  The Court set May 29, 2018, as the deadline for filing objections to the recommendation for dismissal.  (Doc. no. 6.)

On May 18, 2018, Plaintiff submitted a document entitled "Objects," in which he provides a detailed description of his interaction with Defendants Jack LNU and Chris LNU that occurred before his termination.  (See doc. no. 7.)  He did not, however, utilize the complaint form provided to him with the Court's April 20th Order, and he did not name his employer – rather than the employees with whom he interacted – as a Defendant.[1]  Moreover, the document submitted May 18th is not attested to as compliant with Federal Rule of Civil Procedure 11, as a complaint should be.  (See doc. no. 1, p. 7.)

Although the Court does not condone Plaintiff's failure to timely respond to the Court's April 20th Order, Plaintiff shall have one more opportunity to submit his amended complaint in accordance with the instructions previously provided to him.  Plaintiff shall have through and including Friday, June 1, 2018, to submit his claims on the enclosed form, with his Notice of Right to Sue letter from the EEOC attached.[2]  If Plaintiff wishes to proceed with this action, he must complete and submit the enclosed complaint form by June 1st.  Plaintiff should carefully review the instructions and provide the particular information requested.

---

[1]As the Court previously explained, Title VII of the Civil Rights Act of 1964 does not countenance individual liability.  Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (*per curiam*).

[2]The Court **DIRECTS** the **CLERK** to attach to Plaintiff's service copy of this Order a standard form employment discrimination complaint, stamped with this case number, used by non-incarcerated *pro se* litigants in the Southern District of Georgia.

If Plaintiff does not comply by June 1, 2018, the Court's May 11, 2018 recommendation for dismissal will be submitted to the presiding District Judge for final action.

SO ORDERED this 21st day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA