IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROGER J. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-071 |
| | ) | |
| JACK LNU and CHRIS LNU, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Upon conducting an initial screening of Plaintiff's complaint, the Court, on April 20, 2018, ordered Plaintiff to amend his complaint on a standard employment discrimination form provided to him within fourteen days to correct certain pleading deficiencies. (See doc. no. 4.) When Plaintiff failed to respond, the Court recommended dismissal of the case. (Doc. no. 5.) Prompted to respond by the recommendation for dismissal, Plaintiff filed an objection, and the Court provided Plaintiff one final opportunity to amend his complaint as instructed. (Doc. nos. 7, 8.) Those instructions included the admonition that "the amended complaint will supersede and replace in its entirety the previous pleading filed by Plaintiff." (Doc. no. 4, p. 3 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes

the initial complaint and becomes the operative pleading in the case")). The amended complaint is now before the Court for screening.

## I.      SCREENING THE AMENDED COMPLAINT

### A.      BACKGROUND

Plaintiff names the following Defendants:  (1) Jack LNU, a supervisor with Reeves Construction, and (2) Chris LNU, a foreman with Reeves Construction.  (Doc. no. 9, pp. 1, 2.)  Although the Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, the portion of the complaint form reserved for explaining the facts of Plaintiff's case is blank.  (Id. at 5-6.)  Plaintiff has checked boxes indicating he believes he has been discriminated against based on his race and age, and he believes the discriminatory conduct resulted in retaliatory termination of his employment.  (Id. at 3-4.)  Plaintiff did not list his age in the space provided when a claim of age discrimination is asserted.  (Id. at 4.) There is no right to sue letter attached.

### B.      DISCUSSION

#### 1.      Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff explicit instructions on the method for amending his complaint if he wanted to pursue this case, including an explanation that individuals are not proper Defendants in cases alleging discrimination under Title VII or the Age Discrimination in Employment Act ("ADEA"). (Doc. no. 4, p. 2; doc. no. 8, p. 2 n.1). Plaintiff again listed only individuals as Defendants, not his employer. The Court also advised Plaintiff to "carefully review the instructions (on the complaint form) and provide the particular information requested," including attaching his right to sue letter. (Doc. no. 8, p. 2.) Plaintiff did not list his age, (doc. no. 9, p. 4), did not provide any facts about his case, (id. at 4-5), and did not attach his right to sue letter or EEOC charge.[1]

_____

[1]The Court is aware Plaintiff's right to sue letter and EEOC charge are located in the record. (Doc. no. 1, pp. 9-10; doc. no. 7, pp. 3-5.) Plaintiff alleged discrimination based on race and retaliation, not age. Nevertheless, he did not attach the EEOC paperwork to his amended complaint as instructed by the Court.  Moreover, as stated on the complaint form, "In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission."  (Doc. no. 9, p. 3.) There is nothing in the record suggesting Plaintiff filed any such charge regarding age discrimination.

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for repeatedly disobeying the Court's instructions about amending.  Thus, Plaintiff's case should be dismissed for failing to follow the Court's instructions regarding amending his complaint.

> **3.**      **Plaintiff's Amended Complaint Should Also Be Dismissed for Failing to State a Claim Upon which Relief Can Be Granted.**

Plaintiff's amended complaint is completely devoid of any facts supporting his check-the-box claims for age discrimination, race discrimination, or retaliation. Plaintiff has been given multiple opportunities to amend his complaint in an effort to state any viable employment discrimination claims but has failed to point to any *facts* in support of his claims.  For example, Plaintiff checked the box for an age discrimination claim, but he did not list his age on the complaint form, let alone contend his was replaced by a younger worked.  He never describes any comments made about his age.  Nor did he allege age discrimination in his EEOC charge. (See doc. no. 7, p. 4.)

As to his check-the-box Title VII claim, the lack of detail makes it impossible for the Court to determine what type of discrimination claim Plaintiff is attempting to raise.  Is he claiming hostile work environment based on a co-worker's one-time use of a racial slur?  It is not clear whether the worker who used the racial slur was the foreman of Plaintiff's crew or whether Plaintiff ever had to work with him again because Plaintiff states in his objections to the May 11th Report and Recommendation, (doc. no. 7), that he was put on a different crew once he complained.  Cf. Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1254-55 (11th Cir. 2014) (isolated use of racial slur, when considered in light of other facts including harassment not

alleged by supervisor and ceasing of insensitive behavior by co-worker once reported, does not amount to hostile work environment).

Is Plaintiff attempting to claim he was fired for complaining about the co-worker's use of a racial slur as retaliation?  While temporal proximity can be indicative of retaliation, Plaintiff has provided no details of the circumstances of his discharge a week and a half later that would support a claim of retaliation for complaining about the one-time use of a racial slur or that would suggest he was fired because of his race.[2]  Cf. Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 799-800 (11th Cir. 2000) (explaining that even where temporal proximity exists, decision maker on termination must be aware employee had engaged in protected activity). Plaintiff does not provide any details about who fired him or the stated reason for the firing, let alone that the person who made the firing decision knew Plaintiff had complained about the use of a racial slur.   Nor does he claim the move to a different crew away from the offending co-worker was a deleterious change to his working conditions.

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, and here Plaintiff fails to provide sufficient details about the circumstances leading up to his termination such that the Court could conclude he has any viable Title VII claims.  In fact, Plaintiff has not provided any details about his claims beyond check-the-box notations on his amended complaint.  As the Court has already given Plaintiff multiple opportunities to remedy his pleading deficiencies, to no avail, the case should be dismissed.

---

[2]As noted above, Plaintiff provides no details or dates related to his termination in his amended complaint.  The Court has only discovered the week and a half time frame based on its examination of the EEOC charge.  (See doc. no. 7, p. 4.)

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of June, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA