# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| ROGER J. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-071 |
| | ) |
| JACK LNU and CHRIS LNU, | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 14.) Because Plaintiff is proceeding *in forma pauperis* in this employment discrimination case, the Magistrate Judge screened Plaintiff's original complaint and ordered Plaintiff to amend his complaint within fourteen days to correct certain pleading deficiencies on a standard employment discrimination form provided to him. (See doc. no. 4.) When Plaintiff failed to respond, the Magistrate Judge recommended dismissal of the case without prejudice on May 11, 2018. (Doc. no. 5.) Faced with the possibility of dismissal, Plaintiff responded with a document entitled "Objects," describing certain interactions with Defendants Jack LNU and Chris LNU that occurred before his termination, but he did not submit the complaint form provided to him. (See doc. no. 7.)

The Magistrate Judge afforded Plaintiff another opportunity to submit an amended complaint as originally instructed, stating: "If Plaintiff wishes to proceed with this action, he

must complete and submit the enclosed complaint form by June 1st. Plaintiff should carefully review the instructions and provide the particular information requested." (Doc. no. 8, p. 2.) On May 29, 2018, Plaintiff submitted an amended complaint, which as the Magistrate Judge explained in the Report and Recommendation now before the Court, again named only individual employees as Defendants, did not list his age despite checking the box for an age discrimination case, and did not provide any facts in support of his check-the-box claims for age discrimination, race discrimination, or retaliation. (See doc. nos. 9, 11.) Nor did Plaintiff attach the Equal Employment Opportunity Commission (EEOC) charge or right to sue letter. As Plaintiff had been given multiple opportunities, to no avail, to remedy pleading deficiencies, the Magistrate Judge recommended dismissal of the case. (Doc. no. 11.)

In response, Plaintiff filed a second amended complaint, and again submitted the document entitled "Objects," without the EEOC charge or right to sue letter, which Plaintiff had previously submitted in response to the first recommendation for dismissal. (Doc. nos. 7, 13, 14.) The second amended complaint again names only individual employees as Defendants and provides no facts in support of his check-the-box employment discrimination claims. (See doc. no. 13.) Nor did Plaintiff include a request for relief. (Id. at 7.) Plaintiff attached his right to sue letter, but did not attach or describe the contents of his EEOC charge such that the Court would be able to discern the nature of the charges raised to the EEOC.[1]

---

[1] As the Magistrate Judge explained, the EEOC charge is in the record. (Doc. no. 1, p. 9; doc. no. 7, pp. 4-5.) Plaintiff alleged discrimination based on race and retaliation, not age. Moreover, although Plaintiff lists his age as thirty years old, he provides no information about

2

As has been previously explained to Plaintiff, (doc. no. 4, p. 2), under Fed. R. Civ. P. 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. Neither the first amended complaint screened by the Magistrate Judge, nor the second amended complaint submitted in response to the most recent recommendation for dismissal, complies with this Rule. There are no facts offered in support of any check-the-box employment discrimination claims, and Plaintiff makes no demand for judgment for any relief.

Moreover, it is well-settled that "a Title VII claim may be brought against only the *employer* and not against an individual employee." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (*per curiam*) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company." (citations omitted)); but see Hinson v. Clinch Cty., Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000) ("The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer." (citations omitted)). Plaintiff names only individual employees as Defendants and provides no factual details alleging these two individuals were acting as agents of the unnamed employer.

---

the age of his co-workers in support of an age discrimination claim in the second amended complaint.

3

"Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action. . . .'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (*per curiam*) (citation omitted). Plaintiff has now submitted two amended complaints, and each time has failed to cure multiple pleading deficiencies, including naming individuals as Defendants instead of the employer, failing to provide any factual detail in support of his check-the-box claims, and failing to make a demand for relief.

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 2nd day of July, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA