# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| ROGER J. BELL, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-071 |
| JACK LNU and CHRIS LNU, | * | |
| Defendants. | * | |

## ORDER

Before the Court is Plaintiff's motion for reconsideration. (Doc. 17.) Plaintiff filed his complaint on April 16, 2018. (Doc. 1.) On April 20, 2018, Magistrate Judge Brian K. Epps ordered Plaintiff to amend his complaint. (Doc. 4.) Failing to do so within the allotted time, Magistrate Judge Epps reported and recommended that the case be dismissed. (R. & R. I, Doc. 5.) Thereafter, Plaintiff objected to the report and recommendation (Doc. 7), Magistrate Judge Epps, again, ordered Plaintiff to amend his complaint (Doc. 8), and, on May 29, 2019, Plaintiff filed an amended complaint (Doc. 9).

The amended complaint was still insufficient, containing deficiencies such as naming individuals as Defendants instead of the employer, failing to provide any factual detail in support of his check-the-box claims, and failing to make a demand for relief. On June 12, 2018, Magistrate Judge Epps reported and recommended

that the amended complaint be dismissed without prejudice for: (1) failing to follow a court order and (2) failing to state a claim upon which relief could be granted. (R. & R. II, Doc. 11, at 3-6.) Plaintiff filed an objection thereto presenting a narrative of certain interactions between Plaintiff and Defendants occurring before his termination.[1] (Doc. 14.)

Plaintiff was given multiple opportunities to cure his pleading deficiencies, yet Plaintiff failed to cure. Accordingly, on July 2, 2018, the Court overruled the objection and adopted the report and recommendation dismissing the case without prejudice. (Order Adopting R. & R. II, Doc. 15.) On July 5, 2018, Plaintiff filed this one-paragraph motion for reconsideration stating that he possesses a recording on his phone where a prior coworker told him "what Chris was saying to Jack about firing me." (Mot. for Reconsideration, Doc. 17.)

In general, "[r]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (internal quotation marks and citation omitted); Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Because

---

[1] The same day Plaintiff filed the objection, he filed another, similarly deficient amended complaint. (Doc. 13.)

2

it is not an appeal, "it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (internal quotation marks and citation omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (internal quotation marks and citation omitted).

A court may reconsider an order under either Federal Rule of Civil Procedure 59(e) or 60. Petitioner fails to note under which

rule he brings this motion for reconsideration; thus, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Plaintiff filed his motion to reconsider three days following the challenged order; thus, the Court analyzes Plaintiff's motion under Rule 59(e). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007); see also Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (citation omitted)).

Here, Plaintiff states only that reconsideration is appropriate because of the recording on his phone. Thus, the only potential reason for reconsideration is based on the availability of new evidence. New evidence warrants reconsideration only when it was previously unavailable. Durden v. State Farm Fire & Cas. Co., No. 1:15-cv-3971-WSD, 2017 WL 3723118, at *6 (Aug. 29, 2017); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir.

4

1997) ("[P]arties cannot introduce new evidence post-judgment unless they show that the evidence was previously unavailable.").

Plaintiff does not state this recording was previously unavailable; thus, it cannot be considered new evidence. Furthermore, this information is unrelated to the reasons the Court dismissed Plaintiff's case. Plaintiff's case was dismissed for failing to cure multiple pleading deficiencies, as outlined above. Plaintiff's motion to reconsider offers no new evidence, nor evidence that would require the Court to reevaluate its previous decision. Thus, reconsideration is inappropriate, and the Court **DENIES** Plaintiff's motion to reconsider. (Doc. 17.)

**ORDER ENTERED** at Augusta, Georgia, this 6th day of March, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5